**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| : | |
| **v.** : | **Case No.  13-cr-131 (RJL)** |
| : | |
| : | |
| **AARON THORPE** : | |
| : | |

**MOTION TO VACATE JUDGMENT
UNDER 28 U.S.C. § 2255**

Petitioner, through undersigned counsel, hereby files a motion to vacate his or her conviction and set aside the judgment in this case pursuant to 28 U.S.C. § 2255. As explained below, Petitioner's conviction under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States*, 588 U.S.___, 139 S. Ct. 2191 (2019).

**ARGUMENT**

**I.   The Supreme Court abrogated longstanding D.C. Circuit precedent by expanding the knowledge requirement in 18 U.S.C. § 922(g).**

It is unlawful for certain individuals to possess firearms under 18 U.S.C. § 922(g). The provision lists nine categories of individuals subject to the prohibition. In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, an individual is not guilty of a § 922(g) offense unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

In so holding, *Rehaif* abrogated longstanding D.C. Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his or her prohibited status

1

is not an element of a § 922(g) offense. *See United States v. Rehaif*, 888 F.3d 1138, 1144-45 & n.3 (11th Cir. 2018) ("[T]here is a longstanding uniform body of precedent holding that the government does not to have to satisfy a mens rea requirement with respect to the status element of § 922. . . . And no court of appeals has required proof of the defendant's knowledge of his prohibited status under any subsection of § 922(g)."), *rev'd*, 139 S. Ct. 2191 (2019) (citing, in part, *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008)); *see also United States v. Alexander*, 331 F.3d 116, 127 n.18 (D.C. Cir. 2003); *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012); *United States v. Rose,* 587 F.3d 695, 705-06 & n.9 (5th Cir. 2009); *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *Jackson v. United States*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

**II.     *Rehaif* voids Petitioner's § 922(g) conviction.**

*Rehaif* voids Petitioner's § 922(g) conviction secured through a trial. All elements of an offense "must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 232 (1999).

First, Petitioner's § 922(g) conviction is invalid because it was secured through a defective indictment that failed to allege his or her knowledge of the relevant prohibited status as required under *Rehaif*. The Fifth Amendment guarantees the right to a grand jury indictment and due process of law, and the Sixth Amendment guarantees the defendant's right to be informed of the nature and cause of the charges against him. *Russell v. United States*, 369 U.S. 749, 760-61 (1962). Thus, to be valid, an indictment must "contain[] the elements of the offense intended to be charged

and sufficiently apprise[] the defendant of what he must be prepared to meet." *Id*. at 763 (quotation marks and citations omitted); *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004).

Applying this law here, the indictment was defective because it failed to allege the knowledge-of-status element of § 922(g); in turn, the indictment fails to reflect a finding by the grand jury on this element. Therefore, the indictment violated constitutional rights to a grand jury, adequate notice of the charge against him or her, and the opportunity to prepare a defense.

Second, the evidence was insufficient to convict Petitioner of a § 922(g) offense because the government failed to present evidence at trial proving that Petitioner knew of his or her prohibited status at the time he or she possessed the firearm. Based on the lack of evidence on this element, no rational trier of fact could have found guilt beyond a reasonable doubt. In addition, Petitioner was denied a meaningful opportunity to present a complete defense. Therefore, Petitioner's conviction violates the rights to due process and a fair jury trial guaranteed by the Fifth and Sixth Amendments. *See United States v. Gaudin*, 515 U.S. 506, 510 (1995); *Jackson v. Virginia*, 443 U.S. 307, 320-21 (1979); *United States v. Sheehan*, 512 F.3d 621, 631 (D.C. Cir. 2008); *see also Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993).

Third, this Court violated Petitioner's Sixth Amendment right to have a complete verdict on every element of the offense by failing to instruct the jury on the knowledge-of-status element of § 922(g). *See Neder v. United States*, 527 U.S. 1, 13 (1999).

Each of these reasons independently requires a vacatur of Petitioner's § 922(g) conviction.

**III.     Petitioner's claim is cognizable under 28 U.S.C. § 2255(a).**

Petitioner's claim is cognizable under 28 U.S.C. § 2255(a) because, as discussed above, his or her conviction is unconstitutional and violates the laws of the United States.

### IV. *Rehaif* is retroactively applicable to Petitioner's case.

*Rehaif* is retroactively applicable here. "Because the principle underlying [the] non-retroactivity doctrine [in *Teague v. Lane*, 489 U.S. 288 (1989)] is to apply the law in effect at the time a prisoner's conviction became final and because a court's interpretation of a substantive criminal statute generally declares what the statute meant from the date of its enactment, not from the date of the decision, the rational of *Teague* does not preclude retroactive applications of decisions such as [*Rehaif*]." *United States v. McKie*, 73 F.3d 1149, 1151, 1152-53 (D.C. Cir. 1996).

In any event, under *Teague*, a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264-65 (citation omitted). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265 (citation omitted).

*Rehaif* is exactly such decision. Before *Rehaif*, the lower courts had expansively interpreted § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the class at the time they possessed the firearms. *Rehaif* narrowed the scope of § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. In so doing, the Court altered the range of conduct and class of persons punishable under § 922(g). Therefore, *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), reinforces that *Rehaif* is retroactive. In *Bousley*, 523 U.S. at 620-21, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore, retroactive. In

4

*Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time, only criminalized the "use" or "carr[ying]" of a firearm during and in relation to a crime of violence. Previously, some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under § 924(c)(1). 516 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 924(c) statute by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 922(g) statute by holding that it does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of his or her prohibited status.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court grant his or her motion and vacate his or her unconstitutional conviction.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender

_____/s/_____
CELIA GOETZL
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

5